IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| CARLOTTE M. REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4164-SSA-CV-C-WAK |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

    Claimant Carlotte M. Reeves seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. The period at issue for this appeal is June 5, 2004, through September 26, 2007. The parties' briefs were fully submitted, and on August 20, 2009, an oral argument was held.

    In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

    The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636.

is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment. Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant. McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

Claimant Carlotte M. Reeves was born in 1965. She states she did not complete the ninth grade and has not obtained a GED. Prior to June 5, 2004 (plaintiff's originally asserted onset date of disability), she most recently worked as a manager in an auto repair shop during 1998-2001. Prior to that time, Reeves was employed as a security guard, retail cashier, fast food worker, and desk clerk. The Administrative Law Judge (hereinafter "ALJ") found claimant to have the severe impairments of fibromyalgia, chronic obstructive pulmonary disease, bipolar disorder and anxiety disorder. The ALJ further determined that the record supported Reeves' ability to perform her past relevant employment as a fast food worker. The ALJ found Reeves was not disabled under the Social Security Act from June 5, 2004, to September 26, 2007, the date the ALJ rendered his decision.

The record as a whole shows claimant had physical limitations, as set forth by Reeves' treating physician, Bach-Uyen Le Thi, M.D. (TR 292-95.) The ALJ erred in not giving greater weight to Reeves' treating physician's physical capacities evaluation set forth by Dr. Thi, when the ALJ gave significant weight to Dr. Thi's clinical assessment of Reeves' pain. Fleshman v.

2

Sullivan, 933 F.2d 674, 676 (8th Cir. 1991) ("The opinion of a treating physician is entitled to great weight unless it is unsupported by medically acceptable clinical or diagnostic data."). In the context of a fibromyalgia case, the Eighth Circuit has specifically recognized that the symptoms of fibromyalgia are subjective, and that limited ability to engage in daily activities such as cooking, cleaning, hobbies, and errands does not constitute substantial evidence of the ability to engage in substantial gainful activity day in and day out in a sometimes competitive and stressful work environment of the real world. Tiley v. Astrue, No. 08-3537, slip op. (8th Cir. Sept. 1, 2009). Thus, Reeves' range of daily living activities cited by the ALJ, including personal care with some assistance, cooking, shopping, washing dishes, doing light housework, and driving an automobile, does not support the ALJ's discrediting of Reeves' treating physician's physical capacities evaluation. Fleshman v. Sullivan, 933 F.2d at 676 ("[A] treating physician's opinion should not ordinarily be disregarded and is entitled to substantial weight.").

The ALJ also erred in not giving sufficient weight to Dr. Harley's examining psychiatric evaluation. (TR 138, 162-65.) Dr. Harley found Reeves to be impaired due to a chronic personality disorder and the medication she was taking. Dr. Harley found Reeves to show serious problems in her social and vocational functioning. Although Dr. Harley noted Reeves' problems to include the significant medication she was on, he does not diminish Reeves' chronic personality disorder. Dr. Harley specifically diagnosed Reeves with dysthmic and mood disorders, in addition to the noted substance abuse. The ALJ appears to have chosen to give weight only to the records which would support his decision, disregarding contrary evidence, and therefore, failing to consider the record as a whole. Although the ALJ relied on some of Reeves' higher GAF scores, her other GAF scores and the record as a whole do not indicate that Reeves can work. Rather, the record reflects that Reeves has some good days and some bad days. The record as a whole shows that Reeves is not capable of day-after-day job performance, based on her physical limitations and psychological problems, and perhaps aggravation of these problems by the significant combination of medications Reeves is taking, including Lithium, Seroquel, Zoloft, Xanax, Combivent, Allegra, Crestor and Lortab. See Hall v. Chater, 62 F.3d 220, 223 (8th Cir. 1995) ("For a claimant to qualify for work at any level, that claimant must have the ability to perform the tasks of employment on a daily basis.").

3

The ALJ found that Reeves' mental residual functional capacity was for unskilled work. The vocational expert's testimony stated that assuming a twenty percent absenteeism rate due to Reeves' fibromyalgia, she could not do her previous unskilled work. The vocational expert's testimony also stated that assuming Reeves' mental condition required her to take at least two 30-minute unscheduled breaks daily, she would not be able to do her past relevant unskilled work. The Commissioner admits that the ALJ erred in finding Reeves could perform her past relevant work. The record does not support a finding that Reeves' residual functional capacity for unskilled work would allow her to do any other unskilled work, considering her functioning capacity, age, education and work experience.

This court holds that the ALJ's decision is not supported by substantial evidence on the record as a whole. The court finds that plaintiff is entitled to benefits as of August 2005.[2] This finding is based upon the records as a whole which lead to a clear understanding of Reeves' psychological problems.

IT IS ORDERED that the decision of the Commissioner is reversed and the case is remanded to the Commissioner under Sentence 4, 42 U.S.C. § 405(g), for an award of benefits with an onset date of August 2005.

Dated this 16th day of September, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

---

[2] The record indicates that Reeves discontinued all illegal substance abuse as of July 2005.